[See Case No. 16,232.]

---

## Case No. 16,233.

### UNITED STATES v. SCHROEDER.

[14 Blatchf. 344.] [1]

Circuit Court, S. D. New York. Oct. 29, 1877.

FEDERAL CONVICTS IN STATE JAILS—COMMUTATION OF SENTENCE—STATE LAWS.

1. The sentence of a convicted prisoner, sentenced to be imprisoned for twelve months, did not fix the place of confinement. The sentence was executed in Ludlow street jail. Ten months of the term having expired, the prisoner applied for his discharge, on the ground that, under the act of March 3d, 1875 (18 Stat. 479), he was entitled to a deduction of five days

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

during every month: *Held*, that, as the state of New York had a system of commutation for its own prisoners, the deduction could not be allowed.

[Cited in Re Terry, 37 Fed. 652; U. S. v. Goujon, 39 Fed. 774; Re Deering, 60 Fed. 267.]

2. The prisoner would be entitled, under section 5543 of the Revised Statutes, to the deduction of one month, there allowed, on the certificate and approval required by that section.
[Cited in Re Deering, 60 Fed. 267.]

Benjamin B. Foster, Asst. U. S. Dist. Atty. Byron A. Cohen, for defendant.

BENEDICT, District Judge. The prisoner, upon conviction, was sentenced to be imprisoned for twelve months. The sentence, as has been usual in this district, did not fix the place of confinement, and, accordingly, the sentence has been executed in Ludlow street jail, that jail being the one hitherto used for the temporary confinement of prisoners in this district. Ten months of the term of imprisonment having expired, the prisoner now applies to be discharged, upon the ground, that, by virtue of the act of March 3d, 1875 (18 Stat. 479), he is entitled to a deduction from the time of his imprisonment of five days during every month, no charge of misconduct having been sustained against him during his imprisonment. An examination of the terms of the act of March 3d, 1875, shows, that the deduction there provided for can be allowed only to persons confined in a state which has no system of commutation for its own prisoners. The state of New York has a system of commutation for its own prisoners (Laws 1863, c. 415, and Laws 1864, c. 321), and therefore, the deduction of five days per month, prescribed by the act of 1875, cannot be allowed. The fact that the state system of commutation does not allow any deduction to prisoners confined in jails does not affect the question. There is still a state system of commutation, and the fact of the existence of such a system takes the case out of the scope of the act of 1875, without regard to the particular provisions of that system.

To avoid a second application, I may say, that, although the prisoner is not entitled to the deduction allowed by the act of 1875, I am of the opinion he will be entitled to the deduction of one month, allowed by section 5543 of the Revised Statutes, upon the certificate and approval required by that section. The words, "state jail or penitentiary," used in that section, are not to be considered as intended to limit the provision to jails supported by the state at large, if, in any state, there are such jails, as distinguished from the common jails kept by the counties of the state, by virtue of state laws. They refer to the jails and penitentiaries within a state, whether state, city or county institutions, which are permitted by the state to be used for the confinement of the prison-

ers of the United States. Laws N. Y. 1847, c. 460, § 16. Ludlow street jail, in the city of New York, is, therefore, a state jail, within the meaning of section 5543.