## UNITED STATES *v.* GOUJON.

*(District Court, S. D. California.* August 26, 1889.)

CRIMINAL LAW—SENTENCE—COMMUTATION FOR GOOD BEHAVIOR.

Act Cong. March 3, 1875, provides that a United States prisoner confined in execution of any sentence in a prison of any state or territory, which has no system of commutation for its own prisoners, shall have a deduction of five days in each month in which no charge of misconduct shall be sustained against him. Rev. St. U. S. § 5544, provides that in other cases such prisoner shall be entitled to the same credits applicable to other prisoners. *Held,* that as act Cal., amended March 14, 1881, provides for commutation for such prisoners only as are confined in the state-prisons for terms of one year and over, a United States prisoner sent to the county jail for six months is entitled to no credits for good behavior.

At Law. Application for release from imprisonment.

*J. Marion Brooks,* for petitioner.

*A. W. Hutton,* U. S. Atty.

Ross, J. The petitioner, who was on the 4th day of March, 1889, sentenced to be imprisoned in the county jail of Los Angeles county for the period of six months, and to pay a fine of $500, upon conviction of

the crime of smuggling cigars into the United States, claims, by reason of his good behavior during his imprisonment, to be entitled to a credit of five days for each month of his term, and therefore to be now entitled to be discharged.

The provisions of the United States statutes bearing on the subject are contained in the act of congress of March 3, 1875, (1 Supp. Rev. St. 184,) and in section 5544 of the Revised Statutes, the first of which reads as follows:

"All prisoners who have been or shall hereafter be convicted of any offense against the laws of the United States, and confined in execution of the judgment or sentence upon such conviction, in any prison or penitentiary of any state or territory, which has no system of commutation for its own prisoners, shall have a deduction from their several terms of sentence of five days in each and every calendar month during which no charge of misconduct shall have been sustained against each severally, who shall be discharged at the expiration of his term of sentence less the time so deducted, and a certificate of the warden or keeper of such prison or penitentiary of such deduction shall be entered on the warrant of commitment."

Section 5544 reads:

"In other cases, all prisoners now or hereafter confined in the jails or penitentiaries of any state, for offenses against the United States, shall be entitled to the same rule of credits for good behavior applicable to other prisoners in the same jail or penitentiary."

These provisions are perfectly plain and admit of but one construction. By its express terms the deductions provided for by the act of 1875 can be allowed only to prisoners confined in a state or territory having no system of commutation for its own prisoners; and, as the state of California has such system, it necessarily results that the deductions provided for by that act do not apply to the case of the petitioner. The cases of offenders against the laws of the United States, confined in execution of a judgment or sentence upon conviction in a prison of any state or territory having a system of commutation for its own prisoners, are provided for by section 5544 of the Revised Statutes, above quoted, which gives to the prisoner confined in such state or territory for an offense against the United States the same rule of credits for good behavior which by the law of the state or territory where the imprisonment is had is applicable to other prisoners in the same prison. The system of commutation provided by the statute of California (act Cal. 1880, as amended March 14, 1881) has no application to county jails, or to prisoners confined therein; and, in respect to prisoners confined in a state-prison, no credit is allowed when the term of imprisonment is less than one year. *In re Terry*, 37 Fed. Rep. 649; *U. S.* v. *Schroeder*, 14 Blatchf. 345. Writ denied, and petition dismissed.