### In re DEERING.

(District Court, N. D. California. March 3, 1894.)

#### No. 2,903.

1. CONVICTS—GOOD BEHAVIOR—COMMUTATION.
   Act Cong. March 3, 1875, § 1, (18 Stat. 479,) provides that all persons convicted of an offense against the United States, "and confined, in execution of the judgment or sentence upon such conviction, in any

prison or penitentiary of any state or territory," shall be entitled to a certain commutation of their sentences for good behavior. Held, that the act does not apply to offenders confined in county jails.

2. SAME—PRISONERS IN COUNTY JAILS.

Rev. St. U. S. § 5543, provides that all persons convicted of offenses against the United States, and confined in a "state jail or penitentiary," shall be entitled to a prescribed commutation of their sentences for good behavior. This section is confined in its application to jails and penitentiaries where no credits for good behavior are allowed; and section 5544 provides that, where such credits are allowed the state prisoners, United States prisoners shall be entitled to the same. Held, that a United States prisoner in a county jail in California is entitled to the commutation fixed by section 5543; for, under the California law, commutation is allowed only to prisoners in the state prison.

Application for a Writ of Habeas Corpus.

A. P. Van Duzer, for petitioner.
Charles A. Garter, for the United States.

MORROW, District Judge. This is an application for a writ of habeas corpus on behalf of F. C. Deering, imprisoned in the county jail of Alameda county under a sentence of this court. The question presented involves a construction of the statutes of the United States in relation to the deduction to be allowed the prisoner from the term of his sentence. The petitioner was tried in this court in March, 1893, and found guilty of the crime of bringing within the United States, and landing, 29 Chinese laborers, contrary to law; and on March 22, 1893, he was sentenced to pay a fine of $14,500, and to be imprisoned for the period of one year in the Alameda county jail. It is alleged that the petitioner cannot pay the fine, and is ready to take the oath prescribed by section 1042 of the Revised Statutes of the United States; but, as no question is raised concerning the imprisonment on account of the nonpayment of the fine, that feature of the case may be dismissed without further consideration. The controversy is as to what, if any, deduction should be made from the term of sentence under the provisions of the law on that subject. Section 5543 of the Revised Statutes provides as follows:

"All prisoners who have been, or may be, convicted of any offense against the laws of the United States, and confined in any state jail or penitentiary in execution of the judgment upon such conviction, who so conduct themselves that no charge for misconduct is sustained against them, shall have a deduction of one month in each year made from the term of their sentence, and shall be entitled to their discharge so much the sooner, upon the certificate of the warden or keeper of such jail or penitentiary, with the approval of the attorney-general."

Section 5544 provides as follows:

"The preceding section, however, shall apply to such prisoners only as are confined in jails or penitentiaries where no credits for good behavior are allowed; but, in other cases, all prisoners now or hereafter confined in the jail or penitentiaries of any state for offenses against the United States, shall be entitled to the same rule of credits for good behavior applicable to other prisoners in the same jail or penitentiary."

Section 1 of the act of March 3, 1875, provides as follows:

"That all prisoners who have been, or shall hereafter be, convicted of any offence against the laws of the United States, and confined, in execution of the judgment or sentence upon such conviction, in any prison or penitentiary

of any state or territory which has no system of commutation for its own prisoners, shall have a deduction from their several terms of sentence of five days in each and every calendar month during which no charge of misconduct shall have been sustained against each severally, who shall be discharged at the expiration of his term of sentence less the time so deducted, and a certificate of the warden or keeper of such prison penitentiary of such deduction shall be entered on the warrant of commitment: provided, that, if during the term of imprisonment the prisoner shall commit any offence for which he shall be convicted by a jury, all remissions theretofore made shall be thereby annulled." 18 Stat. 479.

It is claimed that the deduction or credit provided in the act of 1875 would entitle the prisoner to his discharge. The district attorney contends that, as the state of California has a system of commutation for its prisoners, this act does not apply. Section 23 of the act of April 15, 1880, (St. Cal. 1880, p. 73,) provides a system of credits for convicts confined in the state prison, for the purpose of securing faithful labor and obedience to the rules and regulations of the prison. This act does not apply to persons imprisoned in the county jails, and the petitioner therefore claims that he is entitled to the benefit of the act of congress. The answer to this claim is that the act of congress applies only to United States prisoners who are confined in a prison or penitentiary of a state or territory,—that is to say, in a state or territorial institution,—and does not, in terms, or by fair interpretation of language, apply to a United States prisoner confined in a county jail. U. S. v. Schroeder, 14 Blatchf. 344, Fed. Cas. No. 16,233; In re Terry, 13 Sawy. 601, 37 Fed. 649; U. S. v. Goujon. 39 Fed. 773. The distinction is found in the fact that punishment for the higher crimes is generally executed in the state institution, where labor and a system of discipline is required, and a commutation of sentence is provided as a reward for service and good conduct. The question whether the prisoner is entitled to a deduction of one month provided in section 5543 of the Revised Statutes is not, I understand, pressed for a decision at this time; but, to save the trouble and expense of further proceedings, I am prepared to say that, in my opinion, he is entitled to such deduction. U. S. v. Schroeder, supra. There are no credits provided for the good behavior of prisoners confined in the county jails of this state, and hence it follows that the provisions of section 5543 of the Revised Statutes are applicable to a United States prisoner so confined. That part of this section relating to prisoners in a state penitentiary is undoubtedly superseded by the act of March 3, 1875; but it does not follow that the provision of the section relating to prisoners confined in jails is repealed or modified by that act, and in my opinion it is not.